■ In the Matter of EILEEN KAPLAN-WHITE, Appellant, v ANTHONY WHITE, Respondent. [632 NYS2d 581] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (McLeod, J.), dated October 26, 1993, which directed the infant child of the parties' marriage to be remanded to Commissioner of Social Services of the City of New York for the purpose of transferring her to the State of Nevada.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the New York Family Court properly declined to exercise jurisdiction over the issue of custody of the child in this case (see, Domestic Relations Law §§ 75-b, 75-d [1] [d] [i]; § 75-g). The record indicates that the father commenced an action for dissolution of the parties' marriage and for custody of the child in the courts of England, the family's permanent home. Moreover, the record indicates that, while on a visit to relatives in New York, the mother abducted the child and moved to Nevada to live with her sister. The father followed, there was a reconciliation, and the family lived in Nevada for approximately five months. When the mother left Nevada with the child and without the father's consent, the father moved in the Nevada courts for the return of the child to Nevada and, subsequently, to England pursuant to the Hague Convention (see, Hague Convention on the Civil Aspects International Child Abduction, ch 1, arts 1, 3; ch 11, art 12 [reprinted in USCS International Agreements Indices]). Pursuant to article 12 of the Hague Convention, Nevada is required to return the child to England for a determination of the custody issue if the child resided in the United States for less that a year when the English petition was filed.

The record clearly indicates that, when the New York Family Court discussed the issue of jurisdiction with the Nevada District Court, the Nevada District Court had already exercised jurisdiction over the matter by issuing ex parte orders and it did not intend to relinquish jurisdiction (see, Domestic Relations Law § 75-d [1] [d]). Contrary to the mother's contention, she has not been denied her right to a hearing on the issue of custody. Rather, she must avail herself of the proper forum for a determination of that issue. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.